**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

M.O., *et al.*, *on behalf of themselves and others similarly situated,*

*Plaintiffs,*

–v.–

DAWNISHA HELLAND, *et al.*,

*Defendants.*

**Case No. 1:26-cv-02279**

**PLAINTIFFS' MOTION FOR BRIEFING SCHEDULE**

Named Plaintiffs M.O., N.I., P.O., T.P., and A.S. bring this class action lawsuit to challenge Defendants' blanket requirement for real-time, continuous GPS monitoring of all noncitizens whom Immigration and Customs Enforcement (ICE) has enrolled in its "Alternatives to Detention" (ATD) program. This new rule (GPS Monitoring Rule) was imposed via an ICE Acting Assistant Director's memorandum (the Helland Memorandum), in violation of the Immigration and Nationality Act and without notice-and-comment rulemaking. The Rule shackles noncitizens with either an ankle or wrist GPS monitor without any individualized justification.

Named Plaintiffs respectfully request that the Court enter a consolidated schedule for motions for summary judgment—including Defendants' production of the administrative record—and Plaintiffs' motion for class certification. Named Plaintiffs have conferred with the government. While the government has agreed to produce the administrative record and proceed to summary judgment briefing, the parties have been unable to agree on a schedule. *See* Ex. A (correspondence).

Plaintiffs propose the following schedule:

- **September 28, 2026**: Defendants serve administrative record on Plaintiffs and file motion to dismiss or motion for summary judgment.
- **October 19, 2026**: Plaintiffs file (1) consolidated motion for summary judgment and opposition to Defendants' motion and (2) motion for class certification.
- **November 9, 2026**: Defendants file (1) consolidated opposition to Plaintiffs' motion for summary judgment and reply in support of Defendants' motion for summary judgment and (2) opposition to motion for class certification.
- **November 23, 2026**: Plaintiffs file (1) reply in support of Plaintiffs' motion for summary judgment and (2) reply in support of motion for class certification.

Plaintiffs' schedule does not change the due date for Defendants' responsive pleading or its production of the record. It also allows more time than the Local Rules for filing oppositions and replies. As described below, this motion is supported by good cause.

### A. Named Plaintiffs and Potential Class Members Are Suffering Serious and Imminent Harms

Plaintiffs' schedule—which does not seek to shorten any of Defendants' deadlines—is necessary to ensure that the Court can resolve this case expeditiously to address the serious harms affecting the named Plaintiffs and class members.

For example, P.O. has stopped breastfeeding her one-year-old daughter as a direct result of the physical and emotional toll of the monitor, which causes pain from her ankle to her knee and makes it difficult to go up stairs and bend her leg. Compl. ¶ 127. T.P., a survivor of human trafficking, reports that the ankle monitor causes her physical pain that disrupts her sleep and forces her to relive the trauma of her trafficking experience and it serves as a constant reminder of the risk of deportation and separation from her family. Compl. ¶ 129. N.I. has experienced pain, swelling, and scarring that at times prevented her from walking. Compl. ¶ 125. N.I. is also nursing her daughter and, likely due to the negative health effects of the ankle monitor, can no longer produce milk from one of her breasts. *Id.*

Expeditious resolution is also necessary to avoid the re-shackling of A.S., who is pregnant. A.S. had her ankle monitor removed in July 2026 after she informed ICE's contractor that she was pregnant. However, the contractor told A.S. that the monitor would be put back on her after she gives birth. Accordingly, Plaintiffs seek to have this case resolved expeditiously so that A.S. will not be re-shackled after she gives birth. The agency's own directive—which the GPS Monitoring Rule impermissibly flouts—reflects that "individuals known to be . . . postpartum[ ] or nursing" should not be shackled with a body-worn GPS monitoring device. *See* ICE Directive 11032.4 at ¶ 5.1.

Potential class members are also suffering significant harms. As one example, recent reporting has detailed the serious injuries suffered by Haitians who have been shackled with ankle monitors after the termination of their temporary protected status.[1] And, just this week, a Haitian college student died in an apparent suicide after being shackled with an ankle monitor—and his family described the serious harms caused by the ankle monitor leading to their son's tragic passing.[2] The resolution of this case in an expeditious manner will avoid these future harms. For these reasons, Plaintiffs' schedule is appropriate.

---

[1] Arelis R. Hernandez, Ted Hesson, and Lauren Kaori Gurley, *ICE begins outfitting Haitian immigrants with ankle monitors, attorneys say,* The Washington Post (Aug. 3, 2026), https://www.washingtonpost.com/immigration/2026/08/03/ice-begins-outfitting-haitian-immigrants-with-ankle-monitors-attorneys-say/ (Aug. 3, 2026); Catherine E. Shoichet, *Ankle monitors, arrests and lost jobs: Inside the new realities many Haitians in the US are facing,* CNN (Aug. 10, 2026), https://www.cnn.com/2026/08/09/us/haitians-tps-fear-arrests [https://perma.cc/P8UG-CK3C] ("A man in Ohio collapsed to the ground in tears after leaving an ICE check-in wearing an ankle monitor.").

[2] Miriam Jordan, *Haitian Student, Despondent Over Ankle Monitor, Dies in Apparent Suicide,* N.Y. Times (Sep. 1, 2026), https://www.nytimes.com/2026/09/01/us/haiti-ankle-monitor-immigration-suicide.html; Catherine E. Shoichet, *An Ohio college student died in an apparent suicide. His family says he felt 'humiliated' by his ICE ankle monitor*, CNN (Sep. 2, 2026), https://www.cnn.com/2026/09/02/us/pierre-damas-bel-death-ankle-monitor [https://perma.cc/E2HD-2GJ5].

**B. A Consolidated Summary Judgment Schedule Is Appropriate**

The Court should also approve Plaintiffs' proposed schedule because a consolidated schedule for summary judgment motions is a more efficient process than piece-meal motions practice. *See, e.g.*, *Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*, No. CV 18-2112 (JDB), 2018 WL 5777397, at *2 (D.D.C. Nov. 2, 2018) ("early summary judgment motions are often appropriate" in APA cases); *Zemeka v. Holder*, 963 F. Supp. 2d 22, 26 (D.D.C. 2013) (in an APA case, "the most appropriate course … is to … require Defendants to renew their arguments in a motion for summary judgment with citations to the administrative record"); Order at 3 (ECF No. 29), *Chicago Mercantile Exchange v. Selig*, No. 1:26-CV-02157, (D.D.C.) ("it is in the interest of the sound administration of judicial—and the parties'—resources to proceed with one combined briefing schedule for [Plaintiffs'] summary judgment motion and any motion to dismiss or cross-motion for summary judgment the government may file" (quoting *Am. Hosp. Ass'n*, 2018 WL 5777397, at *3)).

Indeed, because in APA cases "this Court sits as an appellate tribunal with the purpose of answering the legal questions based on the evidence in the administrative record," "[s]ummary judgment is favored." *Ovintiv USA, Inc. v. Haaland*, 665 F. Supp. 3d 59, 71 (D.D.C. 2023) (cleaned up); *see also, e.g.*, *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) (when assessing agency action under the APA, "there is no real distinction … between the question presented on a 12(b)(6) motion and a motion for summary judgment"); *Am. Hosp. Ass'n*, 2018 WL 5777397, at *2 (in an APA case, "[t]he line that divides the motion-to-dismiss stage of proceedings from summary judgment is … less clear"). Any jurisdictional arguments Defendants wish to raise can just as easily "be considered at the summary judgment stage" rather than a motion to dismiss. *Am. Hosp. Ass'n*, 2018 WL 5777397 at *3 n.3. And here, proceeding to summary

judgment ensures that the Court can rule on the merits by the time A.S. gives birth. *Cf. Nat'l Parks Conservation Ass'n v. Semonite*, 282 F. Supp. 3d 284, 288 n.1 (D.D.C. 2017).

For similar reasons, the Court should consolidate the briefing of Plaintiffs' motion for class certification with the motion for summary judgment. Under Local Civil Rule 23.1(b), Plaintiffs' motion for class certification is due on September 24, 2026. For efficiency, Plaintiffs request an extension of time to file the motion for class certification to October 19, 2026, so that the motion for class certification and motion for summary judgment are on the same schedule.

### C. Defendants Have Agreed To Produce the Administrative Record.

Defendants have agreed to produce the administrative record, consistent with Local Civil Rule 7(n), which makes clear that Defendants have "an obligation to produce [the record] contemporaneously with the filing of their motion to dismiss," or a motion for summary judgment. *Abramowitz v. Lake*, 824 F. Supp. 3d 1, 11 n.2 (D.D.C. 2026), *appeal pending sub nom.*, *Widakuswara v. Lake*, No. 26-5086 (D.C. Cir. 2026); *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, No. 22-CV-35 (CRC), 2025 WL 833075, at *7 (D.D.C. Mar. 17, 2025) ("By contrast, producing the administrative record is the rule. It is a routine—indeed, necessary—step in cases challenging agency action."). Under Local Civil Rule 7(n), the record should be produced with Defendants' dispositive motion.

### D. The Court Should Not Approve Defendants' Extended Schedule

After the government's appearance in this case on August 25, 2026, Plaintiffs' counsel reached out to negotiate a schedule for briefing dispositive motions. Plaintiffs' counsel emphasized the serious ongoing harms caused by the Defendants' actions. In response to Plaintiffs' proposed schedule, the government first offered a schedule where it would file the record and move for summary judgment on November 24, 2026, with summary judgment briefing complete on January

7, 2027. After Plaintiffs suggested a compromise where the government would produce the record and move for summary judgment on October 12, 2026, the government then proposed a *longer* schedule, with record production on November 11, 2026, Plaintiffs moving first for summary judgment, and briefing complete on *February 25, 2027*. That briefing schedule—the government's self-proclaimed "quickest path forward" it could offer—includes 24 days for the government's final reply. Plaintiffs cannot delay relief for that long.

The government has also claimed that it requires 12 weeks to compile the administrative record. This case concerns a single email sent by Acting Assistant Director Dawnisha Helland mandating the shackling of noncitizens. The government has not been able to explain why 12 weeks are needed to compile the record supporting that decision. And in FOIA litigation seeking information about the exact action at issue here, the government produced only a handful of responsive documents. *See Carolina Migrant Network v. U.S. Immigration & Customs Enforcement*, No. 3:26-cv-00028, Dkt. 20 (Aug. 13, 2026 W.D. N.C.). Given that the government has already conducted a search for documents concerning the agency action at issue, there is nothing suggesting a need for a two-month extension to produce the record here.

To the extent the government maintains that Plaintiffs should file their motion for summary judgment first, Plaintiffs are willing to propose this schedule:

- **September 28, 2026**: Defendants serve administrative record on Plaintiffs.
- **October 19, 2026**: Plaintiffs file (1) motion for summary judgment and (2) motion for class certification.
- **November 9, 2026**: Defendants file (1) consolidated opposition to Plaintiffs' motion for summary judgment and Defendants' motion for summary judgment and (2) opposition to motion for class certification.
- **November 30, 2026**: Plaintiffs file (1) consolidated reply in support of Plaintiffs' motion for summary judgment and opposition to Defendants' motion for summary judgment, and (2) reply in support of motion for class certification.

- **December 14, 2026**: Defendants file reply in support of motion for summary judgment.

## CONCLUSION

Plaintiffs respectfully request that the Court enter their proposed schedule.

Respectfully submitted,

Date: September 4, 2026

*/s/ Ivano Ventresca*
Ivano Ventresca (D.C. Bar No. 1045769)
Monica Sharma (D.C. Bar No. 90013922)
**ZUCKERMAN SPAEDER LLP**
2100 L Street NW, Suite 400
Washington, DC 20037
Phone: 202.778.1842
Email: iventresca@zuckerman.com
msharma@zuckerman.com

Ariella Muller (N.Y. Bar No. 5722699)*
**ZUCKERMAN SPAEDER LLP**
485 Madison Avenue, 19th Floor
New York, NY 10022
Phone: 212.704.9600
Email: amuller@zuckerman.com

Kirk MacKinnon Morrow (Bar No. MD0235)
**ZUCKERMAN SPAEDER LLP**
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Phone: 410.332.0444
Email: kmackinnonmorrow@zuckerman.com

*/s/ F. Evan Benz*
F. Evan Benz (N.C. Bar No. 49077)*+
Lauren Hodges (A.Z. Bar No. 038791)*++
Adina Appelbaum (D.C. Bar No. 1026331)
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
Phone: 202.331.3320
Email: adina@amicacenter.org
evan@amicacenter.org

*/s/ Anthony Enriquez*
Sarah E. Decker (Bar No. NY0566)

**ROBERT & ETHEL KENNEDY HUMAN RIGHTS CENTER**
1300 19th Street NW, Suite 750
Washington, DC 20036
Phone: 908.967.3245
Email: decker@kennedyhumanrights.org

Anthony Enriquez (Bar No. NY0626)
Sarah T. Gillman (Bar No. NY0316)
**ROBERT & ETHEL KENNEDY HUMAN RIGHTS CENTER**
88 Pine Street, 8th Floor, Suite 801
New York, New York 10005
Phone: 646.289.5593
Email: enriquez@kennedyhumanrights.org
gillman@kennedyhumanrights.org

*Admitted *pro hac vice*

+Not admitted in D.C.; working remotely from N.C. and admitted in N.C. and GA only
++ Not admitted in D.C.; admitted in AZ only

.