UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.O., *et al.*,

*Plaintiffs*,

v.

DAWNISHA HELLAND, *et al.*,

*Defendants*.

Civil Action No. 26-2279 (RCL)

**DEFENDANTS' RESPONSE**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR BRIEFING SCHEDULE**

Defendants U.S. Immigration and Customs Enforcement ("ICE"); the Department of Homeland Security ("DHS"); Dawnisha Helland, in her official capacity as Acting Assistant Director of the Enforcement and Removal Operations ("ERO") Non-Detained Management Division, ICE; David Venturella in his official capacity as Acting Director of ICE; and Markwayne Mullin, in his official capacity as Secretary of Homeland Security, respectfully submit this opposition to Plaintiff's "Motion for Briefing Schedule." *See generally* Plfs. Mot. (ECF No. 22).

Plaintiffs' request is an unusual one. Three months after filing their complaint, they now move this Court to compel Defendants to comply with their proposal to consolidate and expedite briefing on summary judgment motions, class certification, and production of the administrative record, well beyond what the Federal Rules of Civil Procedure contemplate; but not so expedited that preliminary injunctive relief is requested. Careful to allege "significant," "serious," ongoing," and "imminent" harms, Plaintiffs conspicuously do not allege *irreparable* harm. This silence is quite deafening because they seem to acknowledge that they likely cannot meet the required threshold showing to warrant this Court's emergency

consideration. *See* Pls'. Mot. at 2-3, 5; *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008). Even more perplexing, Plaintiffs are unwilling to compromise on the accelerated schedule proposed by Defendants. In other words, Plaintiffs seek to skip to the front of the line while sidestepping the legal requirements for doing so. As described in more detail below, the Court should decline Plaintiffs' request, and in the alternative, enter the more reasonable briefing schedule proposed by Defendants which more closely reflects the type of schedule contemplated by the applicable rules of procedure for matters outside the preliminary injunction motion context.

## I. Plaintiffs' Request is Unreasonable and Infeasible.

Plaintiffs cite no legal basis for their motion or the expedited briefing schedule they seek. *See* Pls'. Mot. at 1-2. But there are rules that govern how challenges brought pursuant to the Administrative Procedure Act ("APA") in this Court proceed. For example, under Local Rule 7(n)(1), the agency must file a certified list of the contents of the administrative record within thirty days following service of its answer to the complaint, or simultaneously with the filing of a dispositive motion, whichever occurs first. LCvR 7(n). Based on the return of service/affidavit entry on the docket, Defendants' answer is due on September 27, 2026. Therefore, the certified list of administrative record contents would be due at the earliest by October 27, 2026 (i.e. 30 days later). *See* ECF No. 16. To the contrary, Plaintiffs arbitrarily propose that the Defendants produce the administrative record one month earlier—by September 28, 2026—and on that same day, require Defendant to file its motion for summary judgment. *See* Pls.' Mot. at 2. They request this relief before the answer deadline has even come to fruition. Logically, their proposed schedule makes little to no sense whatsoever.

In the absence of a briefing schedule (such as the schedule proposed by Defendants below), Defendants' deadline to respond to the Complaint is September 27, 2026. Were Defendants to file a motion to dismiss, rather than an answer on that date, Defendants would move to waive compliance with Local Rule 7(n), because the Court need not consider the administrative in evaluating such a motion. *See Connecticut v. United States DOI*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018). Such practice is commonplace in this Court, particularly where the motion to dismiss is premised upon threshold jurisdictional issues, like standing, which Defendants anticipate challenging.[1] *See Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); s*ee also PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014). In this scenario, Plaintiffs would be afforded 14 days to respond, and Defendants would then have 7 days to reply, and briefing would therefore likely conclude around October 18, 2026, before any administrative record is produced. *See* LCvR 12-I. The assertion that Plaintiffs' proposed schedule "does not seek to shorten any of Defendants' deadlines," is simply not true. Pfs.' Mot. at 2.[2]

If Plaintiffs seek to fast-track the proceedings in this case, the appropriate mechanism is to file a motion for preliminary injunction. *See* Fed. R. Civ. P. 65. However, moving for preliminary injunctive relief, such as a preliminary injunction or temporary restraining order, requires that the moving party demonstrate, among other things, that they will suffer

---

[1] Plaintiffs fail to show causation and redressability. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 562 (1992). For example, Plaintiffs' allegations of physical harm caused by GPS monitors will not be redressed by the Court's determination that the GPS Monitoring Rule, requiring noncitizens to wear ankle and wrist monitors, allegedly imposed by the Helland Memorandum, was not promulgated properly through notice and comment. *See* Compl. ¶ 1.

[2] Plaintiffs discuss their intention to seek class certification but have not yet done so. Therefore, any discussion or argument related to an unfiled motion is premature at best.

irreparable harm absent emergency relief and that they are likely to succeed on the merits of their claim. *See Winter*, 555 U.S. at 7. Plaintiffs' conclusory use of the terms "serious," "ongoing," and "imminent" plainly fall short of this extraordinarily high standard.

While Defendants do not oppose the consolidation of briefing and have attempted to work with Plaintiffs to reach a mutually agreeable, expedited briefing schedule, *see* Pls.' Mot. Ex. A at 3 (ECF No. 22-2), Defendants need more time than proposed by Plaintiffs to meaningfully respond to the fifty-page complaint, compile and produce the administrative record, oppose class certification, acquire declarations from a currently backlogged agency, and ultimately brief the merits. *See* Dec. 18, 2025, Hr'g Tr. at 54, *Miot v. Trump*, Civ. A. No. 25-2471 (ACR) (recognizing that the Department of Homeland Security and its personnel "are incredibly busy and have been for months" and that responding to the court's questions and requests "take[s] a lot of time"). Requiring Defendants to complete each of these tasks within *10 days* from the filing of this response in opposition, as Plaintiffs presently propose, would be unrealistic and prejudicial. The Court should not countenance Plaintiffs' attempt to treat it, or the United States Attorney's Office, as if they are a "Denny's." *See A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring) ("We seem to have forgotten that this is a district court—not a Denny's. This is the first time I've ever heard anyone suggest that district judges have a duty to check their dockets at all hours of the night, just in case a party decides to file a motion.").

Further, it is baseless for Plaintiff to ask the Court to infer that a separate lawsuit, brought pursuant to the Freedom of Information Act and filed in the Western District of North Carolina, has any bearing on the likely size of the administrative record in this case, or the time it will take the Defendants to properly compile and produce the administrative record.

*See* Pls.' Mot at 6.

Defendants and undersigned counsel cannot reasonably be expected to drop all other litigation responsibilities simply because Plaintiffs deem their case to be more important. Such a test would effectively invite every plaintiff to litigate against the United States in a similar fashion and skirt the queue of cases filed before them without meeting the heightened standard reserved for emergency relief. The Court should deny Plaintiffs request.

## II. Defendants Propose a Reasonably Calibrated Briefing Schedule in Accordance with the Applicable Rules of Civil Procedure.

Defendants respectfully request that the Court instead enter a briefing schedule tethered to the federal and local rules in accordance with typical practice in APA matters. First, Defendants respectfully request that they file the certified notice of contents of the administrative record by October 27, 2026, which as described above, is 30 days after the existing deadline to respond to the Complaint. Defendants then propose a period of 30 days in order to allow time for the parties to confer regarding supplementation or completion of the administrative record, at the end of which, Plaintiffs will file their motion for summary judgment. Defendants reject Plaintiffs' characterization of their willingness to "file their motion for summary judgment first" as a concession in the spirit of compromise. Plaintiffs brought this case and it is their duty to prosecute it; they should move first because they have the burden of proving a violation of the APA. That is common in complex immigration matters, like this one. *See, e.g.*, *Immigrant Advocates Response Collaborative v. Dep't of Justice*, Civ. A. No. 25-2279 (TNM), Min. Order (June 16, 2026).

Following Plaintiffs' opening brief, Defendants will file their cross-motion and combined response in opposition approximately 30 days thereafter, on December 23, 2026; Plaintiffs will file their combined response and reply within approximately 14 days; and

Defendants will file their final reply in 7 days. In summary, Defendants propose:

- **October 27, 2026**: Defendants serve administrative record on Plaintiffs and file notice of the certified contents of administrative record;
- **November 25, 2026**: Plaintiffs file motion for summary judgment;
- **December 23, 2026**: Defendants file a cross-motion to dismiss or for summary judgment and response in opposition;
- **January 10, 2027**: Plaintiffs file their combined response in opposition and reply; and
- **January 17, 2027**: Defendants file their reply.
- **February 1, 2027**: The parties file a Joint Appendix of administrative record citations

Under this schedule, Defendants' deadline to respond to the Complaint would be extended to December 23, 2026.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Briefing Schedule.

Dated: September 18, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Tara Derbisz*
TARA DERBISZ, D.C. Bar #252597
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Phone: (202) 809-0784
Tara.Derbisz@usdoj.gov

*Counsel for the United States of America*