**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.O., *et al.*, *on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs,*<br><br>–v.–<br><br>DAWNISHA HELLAND, *et al.*,<br><br>*Defendants.* | **Case No. 1:26-cv-02279** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR BRIEFING SCHEDULE**

The government's response brief does not, and cannot, dispute the significant harms Plaintiffs are suffering—and will suffer—as a result of the GPS Monitoring Rule. Because of the government's unlawful shackling of Plaintiffs with ankle monitors, Plaintiffs are experiencing significant mental distress and serious physical injuries. And the Plaintiffs whose monitors have been removed because of pregnancy face an imminent likelihood of being shackled again. Those current and imminent harms establish good cause to adopt Plaintiffs' proposed briefing schedule, which is consistent with this Court's Local Rules, the Federal Rules of Civil Procedure, and the needs of this case. Alternatively, Plaintiffs have proposed a compromise schedule that provides an extension to the government while ensuring briefing is complete by the end of the year.[1]

[1] Plaintiffs have filed their motion for class certification to avoid the parties needing to brief multiple motions simultaneously and because the government declined to provide an alternative class certification briefing schedule in its opposition.

### A. The Government Is Wrong That A Motion For A Briefing Schedule Must Satisfy The Preliminary Injunction Factors

The government does not address the harms suffered by Plaintiffs. It does not dispute that they are serious, significant, and immediate. While belittling Plaintiffs' schedule as "mak[ing] little to no sense," Gov't Opp. at 2, the government fails to address the reason for the proposed schedule: ensuring that this case is briefed so the Court may issue a ruling before Plaintiff A.S. gives birth and is re-shackled. *See* A.S. Declaration ¶¶ 16-18 (attached to motion for class certification, ECF No. 26-8). In addition, if Plaintiffs are successful, a favorable ruling would address the serious (and irreparable) harms the named Plaintiffs are facing. Those reasons satisfy good cause.

Rather than address the proper standard, the government instead argues that Plaintiffs have not used the word "irreparable" and therefore do not satisfy the standards for a preliminary injunction. Plaintiffs' motion does not seek a preliminary injunction, only a briefing schedule. That motion at most requires good cause—not irreparable injury. In any event, Plaintiffs' ongoing physical and mental harms from their unlawful shackling are clearly irreparable. Plaintiffs propose a schedule to move this case to final judgment expeditiously through summary judgment motions, rather than to litigate the case piecemeal through a preliminary injunction motion followed by summary judgment motions.[2]

The government is also wrong that Plaintiffs' motion is inconsistent with the Local Rules or the Federal Rules of Civil Procedure. Indeed, the United States government has previously represented that "it is quite common, in fact, for federal agencies (through DOJ) *promptly* to produce a record in APA suits and then to move *simultaneously* for dismissal or, in the alternative,

---

[2] The government's references to Denny's and Judge Ho's concurrence in *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025), have nothing to do with setting a briefing schedule in this case.

summary judgment." Government's Reply in Support of Motion to Stay Partial Summary Judgment Briefing, *Walmart Inc. v. U.S. Dep't of Justice*, 2020 WL 8257236 (E.D. Tex.) (citing D.D.C. L. Civ. R. 7(n)(1)) (emphasis added). It is Defendants' opposition that is out of step with the common APA practice.

To start, Local Rule 7(n)(1) specifically contemplates that the government produces the administrative record "simultaneously with the filing of a dispositive motion." Because the government does not intend to file an answer on September 28, the normal course would be for the government to produce the administrative record on September 28 along with its dispositive motion. While the government hypothesizes about a world in which it would have moved to excuse compliance with Local Rule 7(n)(1), it has not done so. And for good reason. Its meritless standing arguments would not excuse compliance.[3]

Plaintiffs' schedule is also entirely consistent with the Federal Rules of Civil Procedure. Rule 56(b) provides that "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." And the advisory notes to Rule 56 specifically state that courts "can regulate [the timing of summary judgment motions] to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment. That is in line with the general principle that "a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed." *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015). Early, and even expedited, summary judgment motions are not unusual in APA cases. *See*

[3] There is no basis to argue that Plaintiffs—who have been shackled because of the government's new rule—would not have standing to challenge that rule. Plaintiffs certainly possess "a 'personal stake' in the dispute" about *their own* shackling "and are not mere bystanders." *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 110 (2025).

Pls. Mot. at 4-5. And here, Plaintiffs' proposed schedule provides more time than the Local Rules for responding to the motions.

Plaintiffs' proposed schedule allows briefing to be completed by the end of the year. Doing so allows sufficient time to expeditiously resolve this matter before Plaintiff A.S. gives birth and to alleviate the serious harms suffered by the named Plaintiffs and class members.

**B. The Government Cannot Justify Its Lengthy Extension**

The government was served on July 29, 2026. As of this filing, the government must either answer or file a dispositive motion, along with the administrative record, on September 28, 2026. The government intends to do neither on that date.

Instead, the government seeks an extension of those deadlines in its opposition to Plaintiffs' motion. It requests a date of December 23, 2026, for its responsive pleading (an extension of nearly three months) and October 27, 2026, for the administrative record (an extension of one month). The government does not acknowledge the good cause standard for extensions. It just asserts its entitlement to these extensions. It offers no reason—apart from a 2025 hearing transcript in a different case about the Department of Homeland Security being "busy"—for why it cannot produce the administrative record on September 28, 2026, or file a summary judgment motion before December 23, 2026.

Simply saying that the government is busy is not sufficient. *See Gona v. United States Citizenship & Immigr. Servs.*, No. 1:20-CV-3680-RCL, 2021 WL 1226748, at *1 (D.D.C. Apr. 1, 2021) (Lamberth, J.) ("The agency says it 'will need additional time to produce a certified list of the administrative record documents pertaining to the agency actions and inactions that are raised in the Complaint,' Def.'s Mem. 4, ECF No. 15-1, but does not explain why it needs additional time. A conclusory statement of unavoidable delay does not constitute good cause to extend a

deadline.”). And here, the government does not claim that the record in this case is voluminous or has any other unusual characteristics requiring an extra month to produce. While the government derides as “baseless” Plaintiffs’ reference to the government’s minimal FOIA production involving the exact agency action at issue, Gov’t Opp. at 4, the government offers nothing to suggest the record in this case is anything different than that small FOIA production.

The government insists that “[r]equiring Defendants to complete each of these tasks within *10 days* from the filing of this response in opposition, as Plaintiffs presently propose, would be unrealistic and prejudicial.” Gov’t Opp. at 4. But the idea of a ten-day turnaround is a strawman. The government has had nearly *60 days* since it was served to compile the record. What the government’s brief reveals is that the government has made no effort to put together the administrative record in this case—undermining any claim that it needs an additional month to do so. In short, the government has not established the good cause necessary for the extension it seeks. And granting the government’s extension will substantially prejudice Plaintiffs, who either are currently experiencing serious, ongoing harms or imminently face such harms.

### C. Plaintiffs’ Proposed Middle Ground

In an effort to avoid burdening the Court, Plaintiffs proposed to the government on September 22, 2026, an alternative schedule with simultaneous cross-motions for summary judgment to ensure that the case is briefed by the end of the year:

Government produces Administrative Record: October 13, 2026

Parties simultaneously file cross-motions for summary judgment: November 13, 2026

Parties simultaneously file cross-oppositions for summary judgment: December 4, 2026

The government has not responded to that proposal. Plaintiffs maintain that the government should produce the record as soon as possible but are amenable to the above schedule to bridge the gap between the parties.

## CONCLUSION

Plaintiffs respectfully request that the Court enter the schedule for the production of the record and motions for summary judgment proposed in Plaintiffs' motion.

Respectfully submitted,

Date: September 24, 2026

*/s/ Ivano Ventresca*
Ivano Ventresca (D.C. Bar No. 1045769)
Monica Sharma (D.C. Bar No. 90013922)
**ZUCKERMAN SPAEDER LLP**
2100 L Street NW, Suite 400
Washington, DC 20037
Phone: 202.778.1842
Email: iventresca@zuckerman.com
msharma@zuckerman.com

Ariella Muller (N.Y. Bar No. 5722699)*
**ZUCKERMAN SPAEDER LLP**
485 Madison Avenue, 19th Floor
New York, NY 10022
Phone: 212.704.9600
Email: amuller@zuckerman.com

*/s/ F. Evan Benz*
F. Evan Benz (N.C. Bar No. 49077)*+
Lauren Hodges (A.Z. Bar No. 038791)*++
Adina Appelbaum (D.C. Bar No. 1026331)
**AMICA CENTER FOR IMMIGRANT RIGHTS**
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
Phone: 202.331.3320
Email: adina@amicacenter.org
evan@amicacenter.org

*/s/ Sarah E. Decker*
Sarah E. Decker (Bar No. NY0566)

**ROBERT & ETHEL KENNEDY HUMAN RIGHTS CENTER**
1300 19th Street NW, Suite 750
Washington, DC 20036
Phone: 908.967.3245
Email: decker@kennedyhumanrights.org

Anthony Enriquez (Bar No. NY0626)
Sarah T. Gillman (Bar No. NY0316)
**ROBERT & ETHEL KENNEDY HUMAN RIGHTS CENTER**
88 Pine Street, 8th Floor, Suite 801
New York, New York 10005
Phone: 646.289.5593
Email: enriquez@kennedyhumanrights.org
gillman@kennedyhumanrights.org

*Admitted *pro hac vice*

+Not admitted in D.C.; working remotely from N.C. and admitted in N.C. and GA only
++ Not admitted in D.C.; admitted in AZ only