UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.O., *et al.*,

*Plaintiffs,*

v.

DAWNISHA HELLAND, *et al.*,

*Defendants.*

**Case No. 26-cv-02279-RCL**

# ORDER

Plaintiffs in the above-captioned case filed suit on June 26, 2026. ECF No. 1. On September 4, Plaintiffs moved to set a briefing schedule. Pls.' Mot., ECF No. 22. Plaintiffs' motion became ripe on September 24. *See* Pls.' Reply, ECF No. 27. Pursuant to the Federal Rule of Civil Procedure 12, Defendants' responsive pleading or motion was due September 28, 2026. *See* Fed. R. Civ. P. 12(a)(2). On September 28, Defendants filed a motion to stay that deadline. ECF No. 29 ("Stay Motion"). Parties have agreed to a consolidated briefing on motions for summary judgment. Pls.' Mot. Ex. A at 4.

The deadlines in this case have become confusing, so it is helpful to begin with the default scenario. Under an unmodified schedule, Defendants' should have filed a responsive pleading or motion on September 28, 60 days after service of the Complaint. *See* Fed. R. Civ. P. 12(a)(2). If they filed a motion to dismiss, which was Defendants' stated intention, Defs.' Opp. at 3, Defendants would have been required to produce "a certified list of the contents of the administrative record" and then "provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon . . . ," LCvR 7(n)(1).

Plaintiffs would then have 14 days to respond, and Defendants would have 7 days to reply. LCvR 7(b); 7(d).

But in this APA case, the parties have agreed that a consolidated schedule for summary judgment is appropriate. Pls.' Mot. Ex. A at 4. Courts in this circuit have recognized that in APA cases, "[t]he line that divides the motion-to-dismiss stage of proceedings from summary judgment is . . . less clear." *Am. Hospital Assn v. Dep't of Health and Human Servs.*, No. 18-2112, 2018 WL 5777397, at *2 (D.D.C. Nov. 2, 2018). In this scenario, Defendants could raise jurisdictional issues in a summary judgment motion within the timeframe set for a responsive pleading or motion. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

Now consider what has happened here. Plaintiffs requested that Defendants file their motion for summary judgment contemporaneously with the deadline for a motion to dismiss or responsive pleading, i.e., September 28. Pls.' Mot. at 2. Defendants opposed, arguing that an order that they complete a motion for summary judgment within 2 business days of Plaintiffs' scheduling motion becoming ripe would be "unrealistic." Defs.' Opp. at 4. Instead, Defendants apparently wished to file a separate motion to dismiss which raised jurisdictional issues and did not depend on the Administrative Record. *Id.* at 3. But Defendants did not make such a motion on September 28 or timely move to be relieved from their obligations under Local Rule 7(n). Plaintiffs, for their part, proposed a new "middle ground" schedule in their Reply which would not have required production of the Administrative Record until October 13. Pls.' Reply at 5.

At this juncture, the Court will attempt to set a schedule that is fair and reasonable for both parties. First, because Defendants failed to file a separate motion to dismiss, perhaps relying upon

Plaintiffs' "middle ground" schedule, any jurisdictional issues should be raised in their motion for summary judgment.

The Court considers Plaintiffs' middle ground reasonable. Under the default schedule, as discussed above, Defendants would have been required to produce the Administrative Record along with their motion to dismiss on September 28. Accordingly, production in accordance with Plaintiffs' proposed schedule takes account of Defendants' claimed hardship in compiling the Administrative Record. *See* Defs.' Opp. at 4.

Because Defendants will have more time to produce the Administrative Record, Defendants will be ordered to move for summary judgment first. Defendants requested 30 days between producing the Administrative Record and a motion for summary judgment. *Id.* at 5. Because Defendants' original obligation expired on September 28, Defendants shall file their motion for summary judgment by October 28, 2026. The remaining oppositions and replies will be governed by the default Local Rules.

Furthermore, Parties have agreed that briefing class certification should occur concurrently. *See* Pls.' Mot. Ex. A at 4. Plaintiffs filed their motion for class certification on September 24. ECF No. 26. Though the ship has sailed for completely concurrent briefing, the Court will align the remaining briefing on the issue with the summary judgment briefing schedule.

Accordingly, it is hereby **ORDERED** that Defendants produce the Administrative Record by October 13, 2026;

It is **FURTHER ORDERED** that Defendants file their motion for summary judgment by October 28, 2026.

It is **FURTHER ORDERED** that Plaintiffs file their cross-motion for summary judgment and opposition to Defendants' motion for summary judgment by November 11, 2026;

It is **FURTHER ORDERED** that Defendants file their opposition to class certification by November 11, 2026;

It is **FURTHER ORDERED** that Defendants file their opposition to Plaintiffs' motion for summary judgment and reply to Plaintiffs' opposition by November 25, 2026;

It is **FURTHER ORDERED** that Plaintiffs file any reply to Defendants' opposition to summary judgment and class certification by December 9, 2026;

**SO ORDERED.**

Date: 10-1-26

Royce C. Lamberth
Hon. Royce C. Lamberth
United States District Judge