UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.O., *et al.*,

Plaintiffs,

v.

DAWNISHA HELLAND, et al.,

Defendants.

Civil Action No. 26-2279 (RCL)

**DEFENDANTS' MOTION FOR EXTENSION OF TIME AND MODIFICATION OF THE OCTOBER 1, 2026, SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Defendants respectfully move for an extension of the deadlines set in the Court's October 1, 2026, Order, ECF No. 30, which granted in part and denied in part Plaintiffs' Motion for Briefing Schedule, ECF No. 22. The Order requires Defendants to produce the administrative record by October 13, 2026, and to file their motion for summary judgment by October 28, 2026. Defendant is requesting an extension of those deadlines. Plaintiff opposes Defendants' request.

Defendants respectfully request that the Court adopt the schedule proposed in Part IV. Under that schedule, Defendants would produce the certified administrative record, and the parties would then file cross motions for summary judgment. This extension will not prejudice Plaintiffs, who have not sought preliminary relief.

Good cause supports this request. Following a reassignment within the United States Attorney's Office, the undersigned was assigned to this matter on October 2, 2026. Counsel needs a reasonable period to review the Complaint and the pending class certification motion, confer with agency counsel, and evaluate Defendants' defenses. In addition, the agency's work to compile and certify the administrative record is ongoing. The proposed schedule allows that work to be completed so that the record is complete when it is produced.

In accordance with Local Civil Rule 7(m) and this Court's practices, Defendants state as follows. The current deadlines are set out in the Background below. This is Defendants' first request for an extension of these deadlines. The requested relief would affect each later deadline in the Order, as shown in Part IV. Undersigned counsel conferred with Plaintiffs' counsel on October 8, 2026 by email. Plaintiffs oppose this motion.

**BACKGROUND**

Plaintiffs, five noncitizens enrolled in ICE's Alternatives to Detention program, filed this putative class action challenging what they call the "GPS Monitoring Rule," a requirement of GPS

monitoring that they attribute to a memorandum issued by Defendant Helland. ECF No. 22 at 1. They allege the policy violates the Immigration and Nationality Act and was issued without notice-and-comment rulemaking. *Id.*

Government counsel appeared on August 25, 2026, and the parties began conferring about a schedule. ECF No. 22-2 at 7. On September 1, the agency estimated that it would need twelve weeks to compile the administrative record. *Id.* at 4. At that time, the volume of the record was not yet known. *Id.* at 3. Plaintiffs then moved for a schedule requiring Defendants to produce the record and file an opening dispositive motion, or in the alternative a schedule in which Plaintiffs would move first. ECF No. 22 at 2, 6–7. Defendants opposed, explaining that Local Civil Rule 7(n)(1) would place the record no earlier than October 27, 2026, and that Plaintiffs, as the parties bearing the burden, should move first. ECF No. 24 at 2, 5–6.

On October 1, 2026, the Court granted Plaintiffs' motion in part and set the following schedule: Administrative Record due by October 13, 2026; Defendants' Motion for Summary Judgment due by October 28, 2026; Plaintiffs' Opposition/Cross-Motion due by November 11, 2026; Defendants' Opposition to Motion for Class Certification due by November 11, 2026; Defendants' Opposition to Plaintiffs' Motion for Summary Judgment/Reply due by November 25, 2026; and Plaintiffs' Reply to Defendants' Opposition to Summary Judgment and Class Certification due by December 9, 2026. ECF No. 30.

The October 13 record date tracks the October 12 date Plaintiffs proposed on the premise that the 12-week period began in July. The undersigned was assigned to this case October 2, 2026 and entered an appearance October 5, 2026. ECF No. 31

## LEGAL STANDARDS

When an act must be done within a specified time, "the court may, for good cause, extend the time" if the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Likewise, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The D.C. Circuit has recognized that Rule 6(b) "permits a court to extend deadlines" for good cause, and that district courts receive "great deference" in deciding such requests. *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia.*, 819 F.3d 476, 479–80 (D.C. Cir. 2016). And "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (Lamberth, C.J.) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002)). Here, Defendants seek relief promptly, before any deadline has passed, and for reasons that arose after the Court entered its Order.

## ARGUMENT

### I. Newly Assigned Counsel Needs a Reasonable Period to Learn the Case

The undersigned was assigned to this matter on October 2, 2026, one day after the Order issued. Prior counsel, who conducted the scheduling negotiations and briefed ECF No. 24 and 29, is no longer with the Civil Division of the U.S. Attorneys' Office.

Under the current schedule, counsel has six (6) days from assignment to oversee certification and production of the administrative record and eighteen (18) days to file an opening summary judgment brief responding to a fifty-page complaint, followed by an opposition to class certification on behalf of a putative class of noncitizens enrolled in ICE's Alternatives to Detention program. To prepare those filings, counsel must continue reviewing the Complaint and the class certification motion, confer with agency counsel, examine the record, research the pertinent issues, and obtain any necessary agency declarations. Dispositive filings in this Office also go through supervisory review before filing.

## II. The Agency Needs Time to Compile and Certify a Complete Record

The agency's 12-week figure was offered on September 1, 2026, as an estimate of how long compilation would take going forward. ECF No. 22-2 at 4. At the time, the agency could not reliably anticipate how voluminous the record would be. *Id.* at 3. The current October 13 deadline leaves the agency less than one week to complete a task it estimated would take twelve.

Compiling a certified record is not clerical. Agency personnel must identify the materials directly or indirectly considered in the decision, collect them, review them for privilege and for protected personal information about noncitizens, and prepare a certified index. A record produced on a compressed timeline invites disputes over completeness and supplementation, which would delay resolution more than a reasonable schedule now. Under the ordinary sequence, Local Civil Rule 7(n)(1) would supply the record deadline.

## III. Defendants' Proposed Schedule

Defendants propose the following schedule:

| | |
|---|---|
| December 18, 2026 | Deadline for Defendants to produce Administrative Record and file a certified list of the contents of the record pursuant to Local Rule 7(n)(1) |
| January 8, 2027 | Deadline for Defendant to file their motion for summary judgment |
| February 5, 2027 | Deadline for Plaintiff to file their cross-motion for summary judgment and opposition to Defendants' motion for summary judgment |

| | |
|---|---|
| March 19, 2027 | Deadline for Defendants to file their opposition to Plaintiffs' motion for summary judgment and reply to Plaintiffs' opposition |
| April 16, 2027 | Deadline for Plaintiff to file any reply to Defendants' opposition to summary judgment |
| May 7, 2026 | Deadline for filing appendix of Administrative Record |

Plaintiffs have not sought preliminary relief, and this schedule would allow the case to be resolved well before the timeline Plaintiffs themselves gave for the possible re-imposition of A.S.'s monitor, which they estimated at six to eight months from August 31, 2026. ECF No. 22-2 at 6. Defendants make this request before any deadline has passed, in good faith, and not for purposes of delay.

* * *

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this motion, extend the deadlines in its October 1, 2026, Order, and enter the schedule proposed in Part IV.

Dated: October 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *Is/ Danielle D. Peraza*

DANIELLE D. PERAZA, DC Bar No. 900938597
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 -7246

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.O., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DAWNISHA HELLAND, et al.,<br><br>Defendants. | Civil Action No. 26-2279 (RCL) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion for Extension of Time, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that that the following deadlines shall govern the above-captioned case

| | |
|---|---|
| December 18, 2026 | Deadline for Defendants to produce Administrative Record and file a certified list of the contents of the record pursuant to Local Rule 7(n)(1) |
| January 8, 2027 | Deadline for Defendant to file their motion for summary judgment |
| February 5, 2027 | Deadline for Plaintiff to file their cross-motion for summary judgment and opposition to Defendants' motion for summary judgment |

| | |
|---|---|
| March 19, 2027 | Deadline for Defendants to Oppose/Cross-Move for Summary Judgment |
| April 16, 2027 | Deadline for Plaintiff to Respond to Defendants' Cross Motion for Summary Judgment/Reply in Support of Plaintiff's Motion for Summary Judgment |
| May 7, 2026 | Deadline for Defendants to Reply in Support of Cross-Motion for Summary Judgment |
| May 21, 2027 | Deadline for filing appendix of Administrative Record citations pursuant to Local Rule 7(n)(2) |

SO ORDERED:

__________________
Date

____________________________________
INSERT
United States District Judge